UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW KIM,

    Plaintiff,

v.

Case No. 1:23-cv-11583-TGB-PTM
Hon. Terrence G. Berg

CENTRAL MICHIGAN UNIVERSITY,

    Defendant.

### DEFENDANT'S MOTION TO DISMISS

NOW COMES, Central Michigan University Board of Trustees, improperly identified as "Central Michigan University" in the caption of the Complaint, and for its Motion to Dismiss states as follows:

1. CMU files this Motion to Dismiss in lieu of filing an Answer. For the reasons explained more fully in the accompanying brief, which are incorporated herein by reference, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6).

2. Defendant's counsel sought concurrence in this motion on August 16, 2023, in accordance with E.D. Mich L.R. 7.1(a)(1), by sending an email to Plaintiff's counsel in which Defendant reasonably explained the nature of this motion and its legal basis. The email requested concurrence and invited Plaintiff's

counsel to participate in further discussions on the matter. Counsel then spoke by telephone; however, concurrence in the relief sought was not obtained.

WHEREFORE, Defendant Central Michigan University Board of Trustees respectfully requests that this Honorable Court GRANT its Motion to Dismiss and enter an Order that dismisses the Complaint in its entirety.

*Respectfully submitted,*

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendant

Dated: August 18, 2023    By: /s/*Ryan K. Kauffman*
                         Ryan K. Kauffman

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF/PACER system which will send notification of such filing to counsel of record.

/s/Ryan K. Kauffman
Ryan K. Kauffman (P65357)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW KIM,

    Plaintiff,

v.

CENTRAL MICHIGAN UNIVERSITY,

    Defendant.

Case No. 1:23-cv-11583-TGB-PTM

Hon. Terrence G. Berg

**DEFENDANT'S BRIEF IN SUPPORT
OF MOTION TO DISMISS**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

Central Michigan University Board of Trustees, improperly identified as "Central Michigan University" in the caption of the Compliant, is an "arm of the State of Michigan," and accordingly, it is entitled to immunity under the Eleventh Amendment of the United States Constitution. Thus, the Compliant must be dismissed in its entirety pursuant to Fed. Civ. P. 12(b)(1).

In addition, because Central Michigan University Board of Trustees is an "arm of the state," it is not a "person" within the meaning of 42 U.S.C. § 1983 under controlling United Supreme Court precedent. Therefore, the claim asserted under § 1983 must also be dismissed because it fails to state a claim on which relief can be granted. *See* Fed. Civ. P. 12(b)(6).

Finally, Plaintiff failed to serve the summons and complaint in accordance with the Federal Rules of Civil Procedure, so the Complaint must be dismissed pursuant to Fed. Civ. P. 12(b)(5).

## CONTROLLING AUTHORITY FOR RELIEF SOUGHT

- *Bd. of Trs. of Ala. v. Garrett*, 531 U.S. 356; 121 S. Ct. 955, 148 L.Ed.2d 866 (2001).

- *Will v Mich. Dep't of State Police*, 491 U.S. 58; 109 S.Ct 2304; 105 L.Ed.2d 45 (1989).

- *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139; 59 L.Ed.2d 358 (1979).

- *Estate of Ritter by Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

- *Kreipke v. Wayne State Univ.* 807 F.3d 768 (6th Cir. 2015).

## STATEMENT OF FACTS

The facts as stated in this brief are taken from the Complaint. By restating these facts, Central Michigan University Board of Trustees is neither conceding, nor admitting to, any of the allegations.

According to the Complaint, Plaintiff's national origin is Korean, his race is Asia, and he is currently employed by Central Michigan University as an Assistant Professor in the Department of Public Health within the College of Health Sciences. (Doc. 1, PageID 2, ¶¶ 5-6). Plaintiff alleges that as part of his research work, Central Michigan University provided him with a dedicated source of funds for expenses and that in 2020, he became aware that some of the funds had been misappropriated. (*Id.*, ¶¶ 9-10). Plaintiff claims that in August, 2020, he began to report the misappropriated funds to his supervisors, but that the issue was not resolved. (*Id.*, PageID 2-3).

In addition, Plaintiff contends that in February, 2021, the Director of the Masters of Public Health Program told the Department faculty "not to bring this nasty culture of reporting" (*Id.*, PageID 3, ¶ 21), that in March, 2021, he received an "Article 16" notice, which is a required notice to advise faculty members that they are being targeted for discharge (*Id.*, ¶ 22), and that on September 29, 2021, he was investigated by the "Central Michigan Police Department," but he was "quickly cleared" upon their arrival to his office. (*Id.*, ¶ 25).

1

Following those events, Plaintiff applied for tenure in the fall of 2022. (*Id.*, PageID 4, ¶ 33). Plaintiff alleges that in May, 2023, his tenure application was denied and that at the same time his application for reappointment as an Assistant Professor for the 2024-2025 academic year was also denied. (*Id.*, PageID 5, ¶¶ 44-45). Plaintiff contends that he will be discharged from his employment effective August, 2024.

Based on these allegations, the Complaint asserts the following counts: (1) Violation of 42 U.S.C. § 1983 – First Amendment; (2) Violation of Michigan's Whistleblower's Protection Act; (3) Violation of Michigan Public Policy; (4) Violation of COVID-19 Employment Rights Act; and (5) Violation of Michigan's Elliott Larsen Civil Rights Act – Race and National Origin Discrimination. Plaintiff seeks solely monetary relief. (PageID 10).

## **STANDARD OF REVIEW**

A motion to dismiss on grounds that the claim is barred by the Eleventh Amendment is brought under Fed. R. Civ. P. 12(b)(1). *Heike v. Guevara*, 654 F.Supp.2d 658, 667-68 (E.D. Mich, 2009). The motion is properly granted when the defendant shows that it is entitled to immunity. *Id.*

A motion to dismiss for insufficient service of process is brought under Fed. R. Civ. P. 12(b)(5). Without proper service of process, consent, waiver, or

2

forfeiture, a court may not exercise personal jurisdiction over a named defendant. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir., 2012).

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) (citations omitted).

## LEGAL ARGUMENT

Central Michigan University Board of Trustees is a body corporate created by the Michigan Constitution. In relevant part, Mich. Const. 1963, art 8, § 6, provides that "[o]ther institutions of higher education established by law having authority to grant baccalaureate degrees shall each be governed by a board of control which shall be a body corporate." The members of the board of control are appointed by the governor. *Id.*; *see also* M.C.L. § 390.551.

Pursuant to M.C.L. § 390.555, the board may sue and be sued. *Id.* Accordingly, Central Michigan University Board of Trustees is the proper entity to be named as a party Defendant in this case. *See Baker v. Ferris State University*,

3

516 F. Supp. 3d 735, 742 (W.D. Mich. 2021); *see also Heike v. Central Mich. Univ. Bd. of Trs.*, No. 10-11373, 2011 WL 260004 at *14 (E.D. Mich. July 1, 2011) (holding that "any claim against the Board of Trustees is, in effect, a suit against [the university] itself" and that the plaintiff could not treat the university "as if it were a separate legal entity capable of being sued.")

Although Plaintiff has mistakenly identified the Defendant as "Central Michigan University," rather than "Central Michigan University Board of Trustees" the mistake is inconsequential. Either way, the Central Michigan University Board of Trustees (hereinafter "CMU") is "arm of the State of Michigan" and entitled to immunity under the Eleventh Amendment from this lawsuit. Therefore, the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

In addition, because CMU is an arm of the state, rather than a political subdivision of the state, it is not a "person" within the meaning of 42 U.S.C. § 1983. Therefore, Count I of the Complaint also fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### A. CMU is Entitled to Immunity Under the Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

4

Citizens or Subjects of any Foreign State." The Eleventh Amendment has been applied to bar a citizen from suing even his own state in federal court absent consent. *Bd. of Trs. of Ala. v. Garrett*, 531 U.S. 356, 363; 121 S. Ct. 955, 148 L.Ed.2d 866 (2001). Thus, as a general rule, under the Eleventh Amendment, "a state is immune from being sued in federal court, unless it waives that immunity." *Heike v. Guevara*, 654 F.Supp.2d 658, 669 (E.D. Mich, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-99; 104 S.Ct 900, 79 L.Ed.2d 67 (1984).

While the question of whether the Eleventh Amendment is applicable in any given case is ultimately one of federal law, this Court will consider the position of CMU under state law in making that determination. *See Estate of Ritter by Ritter v. Univ. of Mich.*, 851 F.2d 846, 848 (6th Cir. 1988) (relying on *Long v. Richardson*, 525 F.2d 74 (6th Cir. 1975)). The Sixth Circuit looks to the following four factors to determine whether a particular state entity is an "arm of the state" entitled to immunity under the Eleventh Amendment: (1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members to the entity and (4) whether the entity's functions fall within the

traditional purview of state or local government. *Guertin v. State*, 912 F.3d 907, 937 (6th Cir. 2019).

Here, as explained above, CMU is created by the Michigan Constitution and is established by state law. The members of its board of control are appointed by the governor, and it receives funding from the State of Michigan. *See* Mich. Const., art 8, § 6 and M.C.L. § 390.551. Moreover, the state's potential liability for a judgment in this case creates a strong presumption that CMU is an arm of the state. S*ee Kreipke v. Wayne State Univ.* 807 F.3d 768, 775 (6th Cir. 2015); *see also* M.C.L. § 600.6095 (providing that "[w]hen any judgment or decree is obtained against any corporate body . . . now or hereafter having charge or control of any state institution, the amount thereof shall be included and collected in the state tax and paid to the person entitled thereto.") In short, CMU's entitlement to immunity under the Eleventh Amendment cannot be seriously questioned.

Further, it is also abundantly clear that CMU has not waived its Eleventh Amendment immunity in this case. CMU has brought this motion to dismiss at the earliest possible juncture. In addition, the Michigan Legislature has not consented to have CMU subjected to suit in federal court in any statute on which Plaintiff bases his state-law claims. Moreover, while Congress may abrogate a state's immunity under the Eleventh Amendment by exercising its power under § 5 of the Fourteenth Amendment (*Garrett*, 531 U.S. at 364), it is well settled that

6

Congress did not do so with 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 340-341; 99 S.Ct. 1139; 59 L.Ed.2d 358 (1979).

In sum, Plaintiff cannot proceed with **any** of his claims against CMU in this Court. Rather, all of the claims are barred by the Eleventh Amendment. Therefore, the Court should grant CMU's motion and dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

### B. CMU is Not a "Person" Within the Meaning of 42 U.S.C. § 1983

In relevant part, 42 U.S.C. § 1983 provides that "[e]very **person** who, under color of [state law] subjects, [a] person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." *Id.* (emphasis added). The United States Supreme Court has unequivocally held that "a State is not a person within the meaning of §1983." *Will v Mich. Dep't of State Police*, 491 U.S. 58, 71; 109 S.Ct 2304; 105 L.Ed.2d 45 (1989). As a result, Plaintiff cannot maintain his § 1983 claim against CMU regardless of the Eleventh Amendment. *See Heike*, 654 F.Supp.2d at 671-672. Consequently, Count I of the Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff Failed to Properly Serve CMU

Finally, although it is a point of little consequence, CMU would be remiss if it did not also mention that Plaintiff failed to properly serve the summons and complaint, so the Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

Pursuant to Fed. R. Civ. P. 4(j)(2) a state or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under the Michigan Court Rules, service on a public body may be made by "serving the summons and complaint" on "the president, the secretary, or other member of the governing body . . . having control of a state institution." Mich. Ct. R. 2.105(G)(7).

In the case at bar, Plaintiff failed to serve the Complaint in accordance with Fed. R. Civ. P. 4(j)(2)(B) because he did not follow the state court rule quoted above. Instead, Plaintiff merely sent a copies of the summons and complaint by certified mail to CMU's President at his office in Warriner Hall and to the General Counsel's Office. (*See* Doc. No. 3, PageID.13-17). In the end, Plaintiff failure to properly serve CMU is unimportant to this Court's resolution of the present

8

motion because dismissal under Fed. R. Civ. P. 12(b)(1) is so clearly warranted. However, CMU was required to raise insufficient service of process as part of this motion to preserve the argument. *See* Fed. R. Civ. P. 12(h)(1).

## CONCLUSION

For the foregoing reasons, Defendant Central Michigan University Board of Trustees, respectfully requests that this Honorable Court GRANT is Motion to Dismiss and that the Court enter an Order that dismisses the case in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5), and/or (b)(6).

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendant

Dated: August 18, 2023   By: /s/*Ryan K. Kauffman*
Ryan K. Kauffman

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF/PACER system which will send notification of such filing to counsel of record.

/s/Ryan K. Kauffman
Ryan K. Kauffman (P65357)

9